If the parties cannot amicably agree, I shall set a short day for such accounting.

Judgment will accordingly be entered.

CEDAR KNOLL REALTY COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. GEORGE J. DAMEREL AND FRANCES J. DAMEREL, HIS WIFE, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided May 17, 1951.

*Messrs. Wallisch & Wallisch,* attorneys for plaintiff.

*Mr. Ralph H. Jacobson,* attorney for defendant George J. Damerel.

*Mr. Hubert J. Franklin,* attorney for defendant Frances J. Damerel.

GRIMSHAW, J. S. C. The complaint in this matter was for the foreclosure of a second mortgage given to secure a part of the purchase price of the house which defendants bought from the plaintiff. By way of counterclaim the defendants sought a rescission of the sale and cancellation of the bond and mortgage.

As limited by the pretrial order, the issues were as follows:

"a. Whether or not the defendant is entitled to a rescission of the contract and the voiding of the deed and bond and mortgage as a result of alleged false representations made by the plaintiff's officers.

b. If the defendant is not entitled to a rescission, are they entitled to an abatement in the amount of the mortgage as a result of improper construction of the house.

c. What damages, if any, the defendant is entitled to by reason of the alleged misrepresentations of the officers of the plaintiff."

Plaintiff is the owner of a tract of land in the Township of West Milford, upon which it has erected five or six dwellings. In March of 1948, defendants, who were living in the vicinity, visited the development and inspected the house which they subsequently purchased. At that time the house, save for the interior decoration, had been practically finished, and was completed before the defendants executed the contract for its purchase.

Before agreeing to buy the home, defendants examined it several times. On those occasions they were accompanied by

salesmen employed by the plaintiff and also by the man in charge of construction. And it was then, according to defendants' story, that misrepresentations were made to them concerning the quality of the workmanship and materials used in the erection of the house. The making of any misrepresentations was denied. And I am unable to conclude that the defendants relied on any statements made to them. They examined the house carefully, liked it and wanted to buy it. It was not until they were threatened with foreclosure that they made charges of fraud.

The agreement for sale was executed in May, 1948. Defendants took possession immediately. Then, they testified, defects in the construction of the house began to appear. And by November, when title was closed, all the alleged defects of which they now complain, were known to the defendants. Yet they accepted a deed without protest and continued to make payments on the mortgage until July of 1949, expressing at that time their appreciation of the consideration shown to them.

Defendants made no offer to reconvey the property to the plaintiff. They did not vacate the premises until September, 1950, a year and a half after the mortgage was in default and almost two years after discovery of the alleged fraud. And during that period defendants made no payments of principal, interest or taxes. Under such circumstances there can be no rescission. *Dennis v. Jones*, 44 *N. J. Eq.* 513 (*E. & A.* 1888); *Industrial Savings & Loan Co. v. Plummer*, 84 *N. J. Eq.* 184 (*E. & A.* 1914).

During the pendency of the trial the first mortgage on the property was foreclosed. No defense to that action was interposed by the defendants herein. The plaintiff, Cedar Knoll Realty Company, sought only to have determined the amount due upon its mortgage. The property was sold by the sheriff and, presumably, the surplus money is being held by him pending the outcome of this litigation.

The record fails to support the charge of inferior workmanship. It is evident from the testimony that the construction

is comparable with that of other houses in the same price range. The bank which held the first mortgage appraised it and placed upon it a value of $12,500. A builder, called by the plaintiff, expressed the opinion that the cost of replacement, exclusive of land, would be $11,700. Defendants paid $11,400 for the property.

Defendants complained that the heating system was not adequate. This was denied by an expert offered by the plaintiff. Defendants' expert testified that the flues or ducts were improperly installed. However, instead of estimating the cost of correcting this defect, he confined his testimony to the cost of installing an entirely different heating plant. Therefore, the record was left without any evidence from which a conclusion could be reached as to the cost of repairs to the heating system.

An architect, produced by the defense, sweepingly criticized the entire structure. The changes suggested by him would almost have necessitated the rebuilding of the house. And he neglected to state how many of the suggested improvements could have been accomplished in the first instance for the amount which defendants paid for the house.

There was some testimony concerning the fact that the ceiling rafters were not strong enough to support additional rooms on the second floor. Since defendants conceded that the expense for such an addition would be his obligation, the evidence on this point lacked significance.

Two practical builders were called by the plaintiff. They agreed that the construction of the house left something to be desired. However, they each expressed the opinion that the workmanship and materials were of the quality one would expect to find in a house selling for $11,400.

I find that the charges of misrepresentation and of defective workmanship have not been sustained. And even if the first mortgage had not been foreclosed, defendant's failure to move promptly upon discovery of the alleged fraud would bar rescission.

The foreclosure of the first mortgage makes necessary the dismissal of the complaint. The absence of adequate and satisfactory proof will result in a dismissal of the counterclaim.

Judgment accordingly.